25 7003 United States versus Phillips Council for appellant if you would make your appearance and proceed please. May it please the court I'm Neil Van Dalsom I'm here for the defendant appellant Thomas Raymond Phillips. Under the law of this circuit in a murder case when the when the issue of imperfect self-defense is raised and supported by the evidence it is plain error for the court to fail to instruct the jury of the government's burden to disprove imperfect self-defense beyond a reasonable doubt. That was the court's holding in Maryboy and that is what happened at trial in this case. Even though the the government and a footnote seemed somewhat questioning about the whether there was invited error. Why isn't there invited error here? I mean you had a situation where didn't the defense counsel ask for an and and have an opportunity to review the instruction and that the district court gave the instruction that the defendant wanted? No what I believe there you you're referring to a discussion of the diminished capacity instruction. No I don't think so but but you can talk about that one if you want. I think that in both instances were the was it not a situation where the defense asked for those instructions? What happened is the the defendant did not submit an instruction pre-trial that requested a not imperfect self-defense element. Then at trial the district court produced an instruction that was intended to instruct the jury on the the ideas of self-defense and imperfect self-defense. The government objected to any instructions about self-defense or imperfect self-defense. Defense counsel argued in favor of giving an instruction and then there was no objection made to the instructions is actually given. But what we really have is the district court sua sponte deciding to instruct on imperfect self-defense and then a lack of an of an objection to the instruction as given and under under the law of this circuit just failing to to object to an instruction is reviewed for plain error. But it's not just failing to object you you the defense counsel when the court presented the instructions the defense counsel advocated for it right? I mean the the prosecutor said we don't need them and you advocated for it so it's not that you it's not a didn't object to the presentation of the instruction you said I want that instruction right? We want an instruction on the issues of in reality if you go to the argument that was made which is quoted at page 22 of my opening brief the argument is is look judge this could be involuntary manslaughter and and the involuntary manslaughter would would be based upon a finding of imperfect self-defense and that is what the debate was about was is imperfect self-defense is self-defense at issue in this case and defense counsel said yes those are at issue this could be an involuntary manslaughter case and the court proceeded with the instruction as given uh as the court drafted but there was not a yes that is a perfect explanation of the law the other thing is the error in the instruction is really in the first degree murder and second arises that is the plain error it is the failure to add as an element to those offenses that it's not imperfect self-defense uh the instruction no I'm sorry I didn't mean to interrupt but okay let's let's go with that for a second okay the that the error as you identify it relates to the uh who has the burden of proof on imperfect self-defense right correct okay um and let's assume for the moment we are under a plain error rubric and we'll put aside the question of invited error okay because I understood you to start your argument on that basis let's go with that for a second if we are under plain error what what would stop how did you satisfy your burden as to prom three I mean it seems to me that in this situation there was no suggestion that that he was threatened at all that Mr. Phelps was threatened who threatened him and and how would the bird and so why would he have been prejudiced by the instruction uh as it relates to plain error and effect on substantial rights clarify that for me please the court the district court exercising its discretion having reviewed all the evidence determined that imperfect self-defense was a question for this jury to resolve that determination was supported by quite a bit of evidence the the defendant had just been beaten up he just sustained three blows to the head that were pretty serious so serious that a witness testified that any one of those blows could have killed a person he is then then leaves the bar he's disoriented he uh doesn't know his own wife according to her when he strikes his that's a it's a little bit of a liberal interpretation but well she did she actually says that uh she actually testifies I know it's oriented and but I understood she actually testifies that he did I don't think he knew who I was as part of her testimony okay um he doesn't he doesn't know where he is he doesn't know what's going on he had post-traumatic stress disorder before this event even happened that was diagnosed by the VA after he's reviewed he it's confirmed yes he does have PTSD there was expert testimony that his behavior was consistent with having a traumatic brain injury there was expert testimony that a person with PTSD and a traumatic and suffering from a traumatic brain injury which appeared to be would experience an inability to assess dangers to properly respond to dangers and could be in a disassociative state meaning that you are not in connection with reality the shots were not fired immediately upon him reaching his truck the shots were fired when one of the people who had been involved in smacking his head real hard three times exited the door of the bar that's when the shooting began taking all of this together there is a factual basis and the district court correctly found there was a factual basis for a jury to develop reasonable doubt and that's a key point too for purposes of this error the question is not whether um Mr. Phillips proved that he acted in imperfect self-defense it's whether a juror could have a reasonable doubt about that fact Mr. Dawson can I I'm sorry to interrupt you so I hope you're your train of thought but um but I have a couple of questions but the first uh the the precedent the uh and a second question is can we take into account that the jury found beyond a reasonable doubt that he committed pre-meditated murder I know you have an argument that you alluded to a moment ago that well the court that there may that may have been attributable defect in the instructions because maybe the the the imperfect self-defense was not included among the elements that the government had to disprove but but I'm just asking you can we take into account that that the that the that the judge found pre-med or I mean the jury found premeditated murder I don't think you should on the record present it in this case well that's a different question that's my second question so I'm just asking you if legally if there is some legal impediment to considering it and what I would say judge is in two cases Sago and Walker this court has commented on the idea that well in this case the jury found pre-meditation well and also yeah and also in Rainford uh so and in Maryboy so but but that's really a good prelude to my question so Judge Hartz and although he did include you know saying for in in the facts of this case how likely is it the facts of this case that the jury would conclude that he premeditated the murder but then in fact decided to kill out of fear uh there's a lot there's a sentence um in Maryboy itself where Judge Phillips specifically says uh that if the jury found that Maryboy had intentionally shot Monowine the decedent the instructional error would not have affected his substantial rights and then in the Rainford case that you cited that uh we actually included language interpreting Sago to mean that a conviction for first degree murder could reduce the likelihood that a jury could have found involuntary manslaughter based on self-defense so it seems to me that this trilogy of cases that we've recently uh stated it doesn't say it forecloses the finding that a jury might have found imperfect self-defense but but but basically elucidates Judge Hartz's skepticism that if the jury finds that I decided in advance to go and kill Joe Schmoe then how likely is it that if the jury had said well I have the government had a burden approved beyond a reasonable doubt that I had not acted in uh uh in uh imperfect self-defense how likely is it that I acted defensively irrationally if the jury also found that I had premeditated the murder and that seems to be at least a fairly logical reason to at least express skepticism particularly in prong three of plain error so anyway that's that's my long-winded question for you. In in both Sago and Walker if you look at the facts of the case there is simply no evidence to support the idea of self-defense at all um in Sago a guy goes over to somebody's house and he comes he's trying to get him to come out and then with no violence no anything no threats no nothing he shoots the person when he comes out of his house but but he thinks that he's coming but he thinks he's mad right he he thinks there's no there's no evidence to suggest that he had any reason to think he was mad and well you can make an argument that Toppy didn't have a reason to think that when he opened the door that he was you know that he was going out to you know uh to to renew this this this killing but it but I don't know that the equivalent about the facts and you really could argue but I'm not trying to be argumentative with you but I but it just seems to be that if if if if the fella if my memory in Sago is right is that that he's just sitting there he has the guy is coming to him the uh the the the decedent is coming to him he's not armed uh uh that his wife had testified that he's got a smile on his face he's happy to see this young kid and the guy irrationally thinks he's bad that he's you know shouldn't have been coming to his house and then he kills him and then Judge Hart says well how likely is it that if the jury found that the guy had come over to the house with a premeditated design to murder the guy how likely is it that he would have that the jury would have come to a different conclusion and that seems to be a pretty good uh uh you know paraphrase of of of the facts of this case but anyway yes I would point out in both Britt and Rainford neither one of those were plain error review but in both of those cases this court reversed first degree murder convictions because of errors in the instructions on uh imperfect self-defense okay so so the fact that the conviction is first degree murder is certainly not dispositive and what should be dispositive more so are two things one the underlying facts this case is different than Sago and Walker in that this is a person who has PTSD who just got hit in the head three times very hard and appears to be very disoriented about what's going on and reported after the fact uh that he believed he was tackled in the parking lot so he thought that there wasn't there is evidence that he thought that he had been assaulted in the parking lot also um additionally I would there's a case that's been cited by both parties United States versus Duran um if if the court finds that there is a basis to give the instruction and it's not given a plainly erroneous jury instruction affects a defendant's substantial rights if the instruction concerns a principal element of the defense or an element of the crime thus suggesting that the error affected the outcome of the case and I would submit that's what we have here if the instruction left out um malice aforethought everybody would say yep that seems like a big problem leaving out something that negates malice aforethought is also a big problem and affects a substantial right if the instruction uh was warranted as the district court basically found then it affects a substantial right to not instruct on the burden of proof and mislead the jury about who has the burden and not really even tell them what that burden is and I'm out of time anything more for defense counsel all right thank you counsel uh we'll hear from the government now thank you good afternoon your honor Jared Lehman for the United States I think the facts of this case are really what's driving the answer of plain error and it's extraordinarily important to understand that the defendant was not in some sort of dazed or confused or disoriented state this was not the type of bar fight where the other patrons beat or punched or struck or kicked the defendant this was their attempt to get him out of the bar were they rough with him absolutely did they take him to the ground absolutely but no one was no one was beating him or anything like that they stood him up you're saying from the video that a jury couldn't find that when these three rather large fellas grabbed and I'm not saying he wasn't provocative or or shouldn't have been acting the way he did I don't think Mr. Van Dalsen was arguing that but are you saying when they those three big guys took his head and slammed it against the bar and then when you call it talking taking to the ground I call it throwing him to the ground his head hits the concrete the evidence is as Mr. Van Dalsen said that the testimony was that this could have very well caused a traumatic brain injury are you saying that that he wasn't entitled to the instruction on on proof beyond a reasonable doubt because these guys were you know just being gentle with him correct we we have to take it that I watched your honor we have to take it a step further and we have to couple it with what they did after that they gave they stood him up they gave him his things they told him they were the police they sent him out of the bar the fight was done everything was over it was clear the patron's intent was to kick him out of the bar and so again sure the video displays what it displays but we also have to take into context what they did stood him up gave him his things sent him outside he was absolutely free to go he had his possessions he had his car keys his spouse came out there with him a short time later he was 100 free to go and in fact the patrons had told him we've called the police the police are on their way so there's no any of that all that is great for a defense of perfect self-defense how does any of that have any relevance to an imperfect self-defense let's say hypothetically that he was high on methamphetamine are you saying well you know we told him that he could go he was he was drugged out out of his mind and he thought you know he hallucinated that that the guy that when he came out of the door that he was actually afraid that he was going to come back at him after all he had just been beaten up by this guy along with two of his accomplices and so how does the fact that he was free to go have anything to do with whether or not he was entitled to a proof beyond a reasonable doubt instruction on a defense that the judge acknowledged that the jury could have found imperfect self-defense and this is not perfect self-defense it's imperfect self-defense he's got traumatic brain he could have had traumatic brain injury he had been diagnosed with ptsd and it certainly could have been at least according to the district judge a basis for i don't understand why how your argument really pertains to the legal issue that we have to confront your honor i think it gets to the core of what was in the defendant's mind there's no evidence in the record that i can find where the defendant subjectively believed that he had to use lethal force to repel an imminent serious bodily injury or death upon his person or another individual there's nothing in there for the trial judge to have hung his hat on to support that jury instruction do you have to have that they did yes your honor that in toledo for example the court said that donald that as you point out that the defendant did testify that he was under the subjective apprehension of bodily harm but the court also said but there was other evidence involving his psychological defects and and those would have contributed to maybe a subjective apprehension of bodily injury how do you use toledo your honor i i think the defendant tells us that he's no longer in a defensive state of mind so remember when the fight's over and they stand him up and they're walking him out of the door he goes on the offensive it's gone from a defensive situation and his state of mind reflects that he uses a anti-gay slur and says that he's going to kill the bar patrons he goes outside he's combative with his wife and this whole concept that he doesn't recognize his wife is substantially hard to credit she comes out and she stumbles and he swears at her and calls her a very bad thing i won't quote it here it's in the brief but he's being combative and insulting towards his wife and then he pistol whips his wife clearly again the defendant is on the offensive this isn't some defensive state of mind he doesn't tell his wife look out they're coming to get us he doesn't tell his wife hey we need to get in the car and go he doesn't tell his wife run he doesn't tell his wife call the cops i'll stand here and make sure they don't come and get us he's very abrasive and offensive towards his wife she goes can i can i kind of back you up and i think we're all familiar with these facts and you're arguing facts and i don't understand why we're talking about facts at the error stage whether there was plain error what is this are we talking about substantial rights now because you have to concede there was error here based on mary mary boy i mean at the point of error or plain error we don't look at whether or not this instruction should not have been given we are assuming the district court gave the instruction there was a reason for it and now our our case law is clear it was error it was error not to and it was plain error it's clear that it's plain error it was error not to explain that it was the government's burden to disprove this this point but my i guess where i'm going with this is i think you're talking about this might have some relevance to substantial rights but i don't see any case where we've looked at this as a as substantial rights on the third prong and you cite some case from uh the second circuit i don't even know if that was a plain error case but if it was that was a completely different case uh that they looked at they looked at this issue and the the defendant actually committed an armed robbery and essentially they found he invited the error but i don't see any authority that says once we find that there was plain error on this instruction that we don't just reverse in terms of how this might have impacted the jury we don't go back and say well let's take a look at these facts again and let's judge for ourselves whether this this should have ever been given in the first place is that something we do at prong three your honor i i think it i think sago uh indicates that that's the case that was very important in the sago case is that it wouldn't have made a difference uh in that particular set of facts additionally the court's recent decision substantial was that at prong three in sago your honor i believe i believe that's how they they analyzed that case your honor i believe that's correct it was under prong three of plain error additionally the court's uh recent case in brown i believe it's a march of 2025 case uh in that case as i recall one of the things that they analyzed maybe even under prong four prong three and four of plain error was there wasn't an overwhelming amount of evidence regarding the premeditation regarding uh the facts of the case well here we have the opposite i would submit to this court that we do have an overwhelming amount of evidence the defendant committed a premeditated murder and had no subjective belief that he was under some sort of immediate or imminent threat of serious bodily injury to himself or another so that's what i'm struggling with is i think what judge um marissa is struggling with it sounds like you're arguing that that there was no error in the instruction i mean and and that's that's not where we are is it i mean there there is the court we are accepting that the court should have given the instruction that the court erred in not putting the burden where it should be and the question is what the consequence of that is isn't that where we are i'll agree with half of half of that your honor i agree the instruction is wrong i agree the instruction as given is an error i can't agree your honor that the defendant was entitled to it in the first place and so what i'm trying to argue your honor is even if the court hadn't given it then we wouldn't be errors so therefore if the defendant got it the the the error inerred in a way to his benefit because he got to argue for something that frankly uh the united states does not believe he was entitled to argue he did not present enough evidence although the standard is remarkably low did not present enough evidence to show that he actually possessed the belief that he was in imminent fear of death or serious bodily injury there's not enough evidence there to even warrant the instruction and so that's my proposition that there's not an error because he wasn't even entitled to the instruction to the extent that he was then we really get into prong three where it wouldn't have made a difference because the defendant's guilt in this case was substantially overwhelming he said two different times i'm going to kill you he walked 50 feet to his car got his gun loaded it according to the testimony didn't get his gun straight out and fire and most importantly didn't shoot at the door where the patron came out and asked him what he was doing but shot nine times in a spread pattern across the width of the bar there is no doubt at all that this it just would not have made any difference there's no jury instruction in the world on self-defense that would have made a single bit of difference in this case every problem that imperfect self-defense was not included among the elements that the government didn't need to disprove so in other words if we disagree with you and think that you and the evidence will like most favorable to the defendant that he would have been entitled to an instruction the very instruction that the district court did give but not in the context of one of the elements that the government had to disprove in order to find that one of the elements in order to fight uh to convict the defendant of uh first degree murder uh is that a problem uh if if if we think that the jury could have found uh imperfect self-defense even if the evidence was overwhelming if it would have made a difference i think is the question that the court has to answer and if it would have made a difference then the jury was improperly instructed and that has historically in the circuit survived plain error review starting with um i don't think brit was plain error but but in the cases after brit in the plain error context uh when that instruction is given poorly or doesn't identify the government's burden then then that has constituted well i'm not yeah but but you understand that that is not my question uh you know there's two separate arguments that i think mr vandalism is is made most of the attention has been focused in his briefing and today on his argument that the government wasn't uh uh put to its burden of proving disproving uh imperfect self-defense beyond a reasonable doubt but one of the one of the problems that he's identified is when the judge gave the elements for first degree murder he did not include the need to disprove uh at all uh imperfect self-defense so theoretically the jury could have gone into the liberation room and said well let's look through the elements of first degree murder uh and i don't see anything about it imperfect self-defense yeah he had a design to kill the person uh never considered whether or not he because he was afraid that he was going to be killed uh or beaten up and and so is that a problem in light of segoe and in light of the jury finding pre-meditation you are i i don't think that it is under a plain or standard review how could segoe help you i mean i understand segoe is a good case on the second argument that mr vandalism has made but i don't understand the whole premise of judge hart's analysis in segoe is that the jury had found imperfect self-defense uh and somehow had factored into uh you know the consideration of the circumstances but if the if if if the if the if if the jury finds let's say that i intend to go out and kill somebody i think that the person is is setting out to kill me and i and and and the judge and the judge tells the jury only well to find baccarat uh convicted of guilty of first degree murder you have to find that he had a design to kill the person uh that he uh intended to kill balance of forethought that he struck the fatal blow well i'm guilty of all that i don't know that that would implicate judge hart's analysis i do think judge hart's analysis would apply to the second element and that is if the government had the burden to prove to disprove it beyond a reasonable doubt whether that would affect the analysis of imperfect self-defense but the problem that he's identifying mr vandalism in one of his in his first argument is the jury never had to consider imperfect self-defense at all in order to convict this guy of first degree murder your honor i i don't think that it would have made a difference so it get back to the government's original argument we don't have error because the defendant was never entitled to the instruction okay that's the united states's position in this case your honor i'm i'm very very close to out of time happy to answer any additional questions i don't think we have any and i think uh your time mr vandalism is out and so case is submitted uh thank you counsel uh we appreciate your arguments